IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICHARD SIMONEAUX                                                                          PLAINTIFF

v.                                                               CIVIL ACTION NO.: 1:13-cv-531-KS-MTP

CHRISTOPHER EPPS, ET AL.                                                              DEFENDANTS

**REPORT AND RECOMMENDATIONS**

THIS MATTER is before the Court on Plaintiff's Petition for an Order to Show Cause [25], Motion for Service of Summons and Complaint [27], Motion for Perpetual Injunction [28], Motion for an Order of Placement into Protective Custody [29], Motion for Default Judgment [36], and Motion for Contempt [38]. Having considered the motions and the applicable law, the undersigned recommends that the motions [25] [27] [28] [29] [36] [38] be DENIED.

In his Motion for Service of Summons and Complaint [27], Plaintiff seeks to have Defendants served with process. Defendants have been served with process. *See* Returns [30] and [34]. Accordingly, Plaintiff's Motion [27] is moot and should be denied.

In his Motion for Default Judgment [36], Plaintiff asks the Court to enter a default judgment against all Defendants, claiming they have been served with process and have failed to timely respond. In his Motion for Contempt [38], Plaintiff asks the Court to hold the Defendants in contempt and sanction them for failing to timely respond to the complaint.

The record reflects that Defendant Christopher Epps was served with process on September 16, 2013, and Defendants Brenda Sims, Hubert Davis, Ronald King, and Latisha Johnson were served with process on September 27, 2013. *See* Returns [30] and [34]. All Defendants filed an answer on October 7, 2013. *See* Answer [33]. Defendants did not fail to

1

timely plead or otherwise defend in this action.  Accordingly, Plaintiff's Motions [36] [38] should be denied.

In the remaining Motions, Plaintiff seeks injunctive relief from the Court.  In his Petition for an Order to Show Cause [25], Plaintiff alleges that, on July 29, 2013, he was presented with several Rule Violation Reports ("RVRs").  Plaintiff claims that these RVRs were issued in retaliation for him having brought this action.  Plaintiff seeks an order from this Court directing Defendants to void the RVRs and return Plaintiff to the status he held before the RVRs were issued.

In his Motion for Perpetual Injunction [28], Plaintiff seeks to be "protected from any and all conditions that are unsafe " and protected from retaliatory harassment.  As justification for the injunctive relief, Plaintiff again complains about the July 29, 2013, RVRs.

In his Motion for an Order of Placement into Protective Custody [29], Plaintiff alleges that, as a result of  the July 29, 2013, RVRs, he was "reclassified in C Custody."  Plaintiff seeks an order from the Court transferring him to a facility that has cameras in all places to ensure his safety and well being.  Plaintiff informs the Court that prison can be a very violent place and that he suffers from mental and physical impairments.

To obtain a temporary restraining order or preliminary injunction, Plaintiff must demonstrated (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) that the injunction will not have an adverse effect on the public interest.  *Women's Med. Ctr. of NW Houston v. Bell*, 248 F.3d 411, 419 (5th 2001).  "An injunction is an extraordinary remedy and should not issue

except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976).

The undersigned finds that Plaintiff failed to meet the requirements for injunctive relief. Plaintiff did not demonstrate that there is a substantial likelihood of success on the merits or that a substantial threat of irreparable harm exists.

Moreover, it is well-settled that prison officials are given wide latitude in the day-to-day operations of the prison system, and the courts are reluctant to interfere unless presented with substantial evidence of patently unreasonable conduct. *See Bell v. Wolfish*, 441 U.S. 520, 547-48 (5th Cir. 1979). Additionally, the Court will rarely involve itself in decisions relating to where inmates should be housed. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (prisoners have no constitutional right to be incarcerated in a certain facility or unit). Here, Plaintiff has failed to offer sufficient evidence that the Defendants' actions are patently unreasonable such that injunctive relief would be appropriate. Plaintiff's claims can be addressed in due course on the merits by dispositive motion and/or trial. Accordingly, Plaintiff's motions [25] [28] [29] should be denied.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's Petition for an Order to Show Cause [25] be DENIED,

2. Plaintiff's Motion for Service of Summons and Complaint [27] be DENIED,

3. Plaintiff's Motion for Perpetual Injunction [28] be DENIED,

4. Plaintiff's Motion for an Order of Placement into Protective Custody [29] be DENIED,

5. Plaintiff's Motion for Default Judgment [36] be DENIED, and

6.        Plaintiff's Motion for Contempt [38] be DENIED.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 23rd day of January, 2014.

s/ Michael T. Parker<br>
United States Magistrate Judge