IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICHARD A. SIMONEAUX,  #T7765                                        PLAINTIFF

VERSUS                                        CIVIL ACTION NO.  1:13cv531 KS-MTP

CHRISTOPHER EPPS, ET AL                                     DEFENDANTS

## ORDER

This cause is before the Court on Plaintiff's Motions:

        For Order to Show Cause [25]

        For Service of Summons and Complaint [27]

        For Perpetual Injunction [28]

        For Order of Placement into Protective Custody [29]

        For Default Judgment [36]

        For Contempt [38]

        Report and Recommendation of Magistrate Judge Michael T. Parker [39] and

Objection thereto [40] filed by plaintiff,

The Court having considered the Report and Recommendation, the other documents above described and the record in this case, finds as follows, to-wit:

That plaintiff has filed the above described motions with the Court.  The Motion for Service of Process [27] is moot because the process was served on defendants.  In the Motion to Show Cause [25] the plaintiff claims that he was issued RVRs in retaliation for having brought this action.  If retaliation is the allegation, then it concerned events that are subsequent to the Complaint that is before the Court.  He also filed the Motion for Perpetual Injunction [28]

wherein he seeks to be protected from retaliatory harassment apparently such as the RVRs addressed in the Petition for Order to Show Cause.  He also filed a Motion for Placement in Protective Custody which also emanates from the July 29, 2013, RVRs that reclassified him to Class C custody.  These motions seek injunctive relief and the plaintiff, in order to be entitled to injunctive relief, must demonstrate the following:

1. A substantial likelihood of success on the merits
2. A substantial threat that failure to grant the injunction would result in irreparable injury
3. The threatened injury outweighs any damage that the injunction would cause to the adverse party
4. The injunction will not have an adverse effect on the public interest

An injunction is an extraordinary remedy and without a clear showing of the four factors cannot be granted.  In his Objection, plaintiff reargues some of the reasons that he claims and seeks as relief from this Court when the Court tries the case on the merits.  Courts are granted wide latitude in such motions and require patently unreasonable conduct in order to get involved in day-to-day prison operations such as where the inmate is to be housed.  Prisoners have no Constitutional right to be incarcerated in a certain facility.  There has been nothing pointed out to the Court in the Objection that shows the defendant's actions to be patently unreasonable such that would entitle plaintiff to injunctive relief.  These claims can be addressed on the merits.  As a result of plaintiff's failure to establish the criteria for injunctive relief, Motions [25], [28] and [29] should be denied.

Plaintiff's Objections do not state sufficient basis to reject the Magistrate Judge's recommendations.

IT IS, THEREFORE, ORDERED that Plaintiff's Petition for Order to Show Cause [25] be denied; that Motion for Service of Summons and Complaint [27] be denied; that Motion for Perpetual Injunction [28] be denied; that Motion for an Order of Placement into Protective Custody [29] be denied; that plaintiff's Motion for Default Judgment [36] be denied; and plaintiff's Motion for Contempt [38] be denied.

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the Objection.  For the reasons set forth above, this Court concludes that Simoneaux's Objections lack merit and should be overruled.  The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards.  Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. §636(b)(1) and that Richard Simoneaux's Motions [25], [27], [28], [29], [36], and [38] as above described be denied.

SO ORDERED, this the 21st day of February, 2014.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE