IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICHARD SIMONEAUX**                                                                **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 1:13-cv-531-MTP**

**CHRISTOPHER EPPS, ET AL.**                                                       **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Consideration [73]. Having considered the Motion [73], the court finds that it should be denied.

On May 29, 2013, Plaintiff Richard Simoneaux, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983. In his complaint and as clarified in his testimony at the *Spears*[1] hearing, Plaintiff alleges that in March, 2012, Defendant Latisha Johnson searched his cell and ordered Plaintiff to remove his television cable. According to Plaintiff, Defendant Johnson would not allow Plaintiff to use his cable because Plaintiff has a history of filing complaints against other officers.

Plaintiff alleges that in August, 2012, Defendant Brenda Simms searched his cell and confiscated Plaintiff's cable. Plaintiff claims that Defendant Simms seized his cable in retaliation for the grievance he filed against Defendant Johnson. Plaintiff filed a grievance against Defendant Simms. Thereafter, Defendant Simms issued four rule violation reports ("RVRs") against Plaintiff relating to the allegations in Plaintiff's grievance. Plaintiff claims that the RVRs were issued in retaliation for the grievance he filed against Defendant Simms. Plaintiff also alleges that he informed Defendants Ronald King and Christopher Epps about the

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

seizure of his cable but these Defendants have failed to rectify the situation.

In his Motion to Amend [59], Plaintiff sought to add claims relating to searches of his cell which occurred on February 7, 2014, and April 8, 2014.  Plaintiff alleged that during the February 7, 2014, search $14.26 "came up missing" and during the April 8, 2014, search a pair of his ear-buds were broken.  Plaintiff also alleged that during these searches he was subjected to a body cavity search in view of a female officer.

On February 6, 2015, the Court denied the Motion to Amend [59].  The Court noted that Plaintiff had not alleged that any of the Defendants were involved in the theft of his money, the destruction of his ear-buds, or his body cavity search.  The Court also pointed out that Plaintiff's proposed claims involve alleged incidents which took place approximately two years after the incidents alleged in Plaintiff's compliant.  Thus, the Court found that Plaintiff's proposed claims were separate from the claims currently at issue in this lawsuit.

Additionally, the Court noted that the Motion to Amend was filed after discovery was completed and after Plaintiff was afforded an opportunity to state and clarify his claims at a *Spears* hearing.  The Court expressed its desire to resolve the matters pending before it and pointed out that allowing Plaintiff to continue to add claims as they arise will only delay the disposition of the claims and parties currently before the Court.

On March 2, 2015, Plaintiff filed his Motion to Reconsideration [73].  Motions for reconsideration are generally analyzed under the standard for a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from a judgment or order under Rule 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012).  Rule 59(e) governs a motion seeking reconsideration of a ruling when the motion is filed

within twenty-eight days of judgment. *Id*.  Here, Plaintiff's Motion for Reconsideration was filed within the applicable twenty-eight day time frame; therefore, it will be considered under Rule 59(e).[2]

A motion to alter a ruling under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (internal quotations and citations omitted).  This Court has "considerable discretion in deciding whether to grant a motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).  However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. App'x. 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

Plaintiff argues that the Court should reconsideration its denial of his Motion to Amend because Defendants Hubert Davis and Brenda Simms supervised the searches which occurred on February 7, 2014, and April 8, 2014, and because he "has reason to believe" the searches were conducted because he filed this action.  These arguments, however, are not based on *new* facts.  The fact that Defendants Davis and Simms supervised the searches was known to Plaintiff at the time he filed his Motion to Amend.  Plaintiff has failed to present any newly discovered facts or

---

[2] The Court recognizes that Rule 59(e) is not technically applicable since no "judgment" has been entered in this action.  However, this Court and others within the Fifth Circuit analyze reconsideration motions under Rule 59(e). *See Insurasource, Inc. v. Fireman's Fund Ins. Co.*, 2012 WL 1365083, at \*\*1-2 (S.D. Miss. Apr. 19, 2012); *B&C Marine, LLC v. Cabiran*, 2013 WL 950562, at \*1 (E.D. La. Mar. 11, 2013); *Garrison v. Tex. S. Univ.*, 2013 WL 247028, at \*1 (S.D. Tex. Jan. 22, 2013).

convince the Court that there has been a manifest error of law. *See Anderson v. Red River Waterway Com'n.*, 16 F. Supp. 2d 682, 683 (W.D. La. 1998) ("Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available when the original motion was filed is likewise inappropriate.") (citation, quotations, and brackets omitted).

Additionally, Plaintiff's arguments do not change the facts that (1) the proposed claims involve alleged incidents which took place approximately two years after the incidents alleged in Plaintiff's compliant, (2) the Motion to Amend was filed after discovery was completed and after Plaintiff was afforded an opportunity to state and clarify his claims at a *Spears* hearing, and (3) the Court desires to resolve the matters pending before it.[3]

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Reconsideration [73] is DENIED.

SO ORDERED this the 13th day of March, 2015.

s/ Michael T. Parker  
United States Magistrate Judge

---

[3] *See Singletary v. St. Tammany Parish Sheriff*, 2005 WL 3543826, at *1 (E.D. La. Nov. 17, 2005) (denying plaintiff's motion to amend, reasoning that "[j]ustice does not require that he be allowed to continually amend his complaint to add new claims as they occur . . . . At some point, continual revisions to the complaint to add new claims thwart the ends of justice, in that they delay resolution of the pending claims").