**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**RICHARD SIMONEAUX**                                                **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 1:13-cv-531-MTP**

**CHRISTOPHER EPPS, ET AL.**                                        **DEFENDANTS**

<u>**OPINION AND ORDER**</u>

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [60] and Plaintiff's Motion to Dismiss Defendants' Motion for Summary Judgment [69].  Having considered the Motions and the applicable law, the Court finds that Defendants' Motion for Summary Judgment [60] should be granted, Plaintiff's Motion to Dismiss Defendants' Motion for Summary Judgment [69] should be denied, and this action should be dismissed with prejudice.

**BACKGROUND**

On May 29, 2013, Plaintiff Richard Simoneaux, proceeding *pro se* and *in forma pauperis*, filed his complaint pursuant to 42 U.S.C. § 1983.  The allegations in Plaintiff's complaint occurred while he was a post-conviction inmate at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, where he is currently incarcerated.  In his complaint and as clarified in his testimony at the *Spears*[1] hearing, Plaintiff asserts claims against Christopher Epps, Ronald King, Hubert Davis, Brenda Simms, and Latisha Johnson.

Plaintiff alleges that he planned to purchase a television while he was incarcerated at SMCI, and Defendant Hubert Davis informed him that the television would come with a cable

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

which would allow him to receive a signal on the television.  According to Plaintiff, the television did not come with a cable, and he had to purchase a separate cable in order to get a signal.  Plaintiff admits that the separate cable is considered contraband at SMCI.

Plaintiff alleges that in March, 2012, Defendant Latisha Johnson searched his cell and ordered Plaintiff to remove his cable.[2]  According to Plaintiff, other inmates had such cables, but Defendant Johnson would not allow Plaintiff to use his cable because Plaintiff has a history of filing complaints against other officers.  Thereafter, Plaintiff filed a grievance against Defendant Johnson.

Plaintiff also alleges that in August, 2012, Defendant Davis ordered Defendant Brenda Simms to search the zone where Plaintiff was housed.  During the search, Defendant Simms allegedly confiscated twenty feet of cable from Plaintiff's cell.  According to Plaintiff, other inmates were in possession of cable, but his was the only cable seized.  Plaintiff claims that Defendant Simms seized his cable in retaliation for the grievance he filed against Defendant Johnson.  Plaintiff filed a grievance against Defendant Simms.  Thereafter, Defendant Simms issued four rule violation reports ("RVRs") against Plaintiff relating to the allegations in Plaintiff's grievance.  Plaintiff claims that the RVRs were issued in retaliation for the grievance he filed against Defendant Simms.

Plaintiff alleges that he informed Defendants Ronald King and Christopher Epps about the seizure of his cable but these Defendants have failed to rectify the situation.  Plaintiff also claims that these Defendants failed to implement a policy regarding cable and failed to properly

---

[2] In response to the Motion for Summary Judgment, Plaintiff explained that Defendant Johnson ordered him to "take down" his cable but did not confiscate it. *See* Memorandum [70].

supervise their subordinates.

At the *Spears* hearing, Plaintiff indicated that he seeks injunctive relief requiring that he be transferred from SMCI and never returned.[3]   Defendants have moved for summary judgment, arguing that they are entitled to a judgment as a matter of law.  Plaintiff filed a response to the Motion for Summary Judgment. *See* Response [68]; Memorandum [70].  Plaintiff also filed a Motion to Dismiss Defendants' Motion for Summary Judgment which the Court will consider as a request that the Court deny Defendants' Motion for Summary Judgment.

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  The Court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

---

[3] In his Complaint, Plaintiff also seeks compensatory, "presumed," and punitive damages. [1-1] at 1-2.

**ANALYSIS**

Plaintiff claims that he is the victim of retaliation. In order to assert a retaliation claim, an inmate must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McFaul v. Valenzuela*, 684 F.3d 564, 578 (5th Cir. 2012). A plaintiff must make a showing that but for the retaliatory motive, the action complained of would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). A plaintiff must either produce direct evidence of the defendant's motivation to retaliate or "allege a chronology of events from which retaliation may plausibly be inferred." *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "A prisoner who brings a retaliation claim bears a heavy burden that may not be satisfied with conclusional allegations or his own personal beliefs." *Williams v. Dretke*, 306 Fed. App'x 164, 167 (5th Cir. 2009). Courts must take a skeptical view of retaliation claims to avoid meddling in every act of discipline imposed by prison officials. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006).

The first alleged act of retaliation occurred in March , 2012, when Defendant Johnson searched his cell and ordered Plaintiff to remove his cable. According to Plaintiff, other inmates had cable, but Defendant Johnson would not allow Plaintiff to use his cable because Plaintiff has a history of filing complaints against other officers. Plaintiff, however, has failed to present probative summary judgment evidence that Defendant Johnson was motivated by retaliatory animus.

Plaintiff has not provided information regarding his grievance history nor has he established that Defendant Johnson was aware of his grievance history. The record shows that

Defendant was enforcing a prison regulation, and Plaintiff admits that cable is considered a contraband.  Plaintiff alleges that other inmates possessed cable, but Plaintiff has failed to present competent summary judgment evidence that Defendant Johnson treated him differently than other inmates.[4] *Cf. Jackson v. Kronberg*, 111 Fed. App'x. 815, 818 (6th Cir. 2004) (holding that a inmate's grievance based on the confiscation of contraband was unfounded because the inmate submitted no evidence showing that the contraband policy was more rigorously enforced in his case than with other inmates).  Plaintiff has not submitted competent evidence of a retaliatory motive or alleged a chronology of events from which retaliation may be plausibly inferred.  Plaintiff's personal belief and conclusory allegations cannot withstand summary judgment.  Accordingly, Plaintiff's claims against Defendant Johnson will be dismissed.

The second alleged act of retaliation occurred in August, 2012, when Defendant Davis ordered Defendant Simms to search the zone where Plaintiff was housed and Defendant Simms confiscated cable from Plaintiff's cell.  Plaintiff claims that Defendant Simms confiscated his cable in retaliation for the grievance he filed against Defendant Johnson.

As evidence of retaliatory motive, Plaintiff alleges that on August 8, 2012, Defendant Davis responded to Plaintiff's grievance against Defendant Johnson. *See* ARP Response [1-2] at 3.  According to Plaintiff, Defendant Simms searched his room and confiscated his cable the next day.  This chronology of events, however, does not permit a plausible inference of a retaliatory motive of the part of any Defendant.  This evidence is too tenuous to demonstrate that Defendant Davis ordered an entire zone searched in order to retaliate against Plaintiff for his grievance

---

[4] Plaintiff submitted several affidavits from other inmates at SMCI, but none of the affidavits concern the utilization of cable within SMCI. *See* Affidavits [62] [64] [67].

against Defendant Johnson.  Further, the record does not demonstrate that Defendant Simms was aware of Plaintiff's grievance against Defendant Johnson.  Tenuous and speculative connections are by themselves insufficient to give rise to a chronology from which retaliation may plausibly be inferred. *Birl v. Hicks*, 2013 WL 2637297, at **11-12 (E.D. Tex. June 11, 2013).  Again, Plaintiff's personal belief and conclusory allegations cannot overcome summary judgment. *Williams*, 306 Fed. App'x at 167.  Accordingly, Plaintiff's claims against Defendant Davis will be dismissed, and Plaintiff's claims against Defendant Simms relating to the search and confiscation of cable will be dismissed.

Plaintiff alleges that he informed Defendants King and Epps about the confiscation of his cable but these Defendants failed to rectify the situation.  This claim, however, simply does not give rise to a constitutional claim. *See Dehghani v. Vogelgesang*, 226 Fed. App'x. 404, 406 (5th Cir. 2007) (holding that a plaintiff's allegation that a warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Charles v. Nance*, 186 Fed. App'x. 494, 495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, 2006 WL 3375256, at *3 (S.D. Miss. Nov. 21, 2006) (stating that a claim for "failure to investigate" did not amount to a constitutional violation).  Moreover, Plaintiff had no constitutional right to a grievance procedure and has no due process liberty interest in having his grievance resolved to his satisfaction. *See Geiger v. Jower*, 404 F.3d 371, 374-75 (5th Cir. 2005).

Plaintiff also claims that Defendants King and Epps failed to properly supervise their subordinates.  It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability."  *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).  "To state a cause of action under § 1983, the plaintiff

must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klien*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff has not shown that Defendants King or Epps was personally involved in the alleged confiscation of his cable.

Additionally, Plaintiff claims that King and Epps failed to implement a policy regarding cable. "A § 1983 claim for failure to establish a policy exists only where the policies are the moving force behind the constitutional violation." *Poole v. City of Shreveport*, 691 F.3d 624, 633-34 (5th Cir. 2012) (internal quotations and brackets omitted). Plaintiff must show that the failure to implement a policy evidences deliberate indifference. *Id*. Plaintiff's claim has no merit. The record demonstrates that a policy regarding cable had been implemented. Plaintiff admits that cable is considered contraband at SMCI. Accordingly, Defendants King and Epps are entitled to summary judgment.

Finally, Plaintiff alleges that Defendant Simms issued four RVRs against him in retaliation for Plaintiff filing a grievance against her. On September 5, 2012, Plaintiff filed a grievance against Defendant Simms relating to the search of his cell and the confiscation of his cable. *See* Grievance [60-2] at 3-5. On July 29, 2013, after Defendant Simms reviewed Plaintiff's grievance, she issued four RVRs against Plaintiff for lying in his grievance. According to Defendant Simms, Plaintiff lied by stating that "we are retaliating against him," "I

told him an officer had taken his cable," "Hubert Davis fathered one of my children," and "I was discharged from duty due to a connection with a suspicious death." *See* RVRs [60-1] at 26, 29, 32, and 36.

Filing a grievance is a constitutionally protected activity, and a prison official may not retaliate against an inmate of engaging in such protected activity. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). The constitutional protection, however, is limited to the filing of non-frivolous complaints involving the assertion of legitimate constitutional rights. *Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997). "To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims." *Woods*, 60 F.3d at 1166. Federal court are not qualified to second-guess every decision made by prison officials in the exercise of their professional judgment. *Bell v. Wolfish*, 468 U.S. 520, 546-47 (1979).

Plaintiff enjoys no constitutional right to disobey legitimate prison rules, including the prohibition against lying or possession of contraband, and prison officials may discipline Plaintiff for violations of those rules. Speech that is otherwise punishable does not become constitutionally protected merely because it appears in a grievance. *See Hale v. Scott*, 371 F.3d 917, 919 (7th Cir. 2004) (holding that an inmate had no constitutionally protected right to state unsubstantiated rumor–that a corrections officer was engaging in sexual misconduct–in a grievance and could be disciplined for doing so). Certain accusations made in Plaintiff's grievance–including the accusations that Defendant Davis fathered one of Defendant Simms's children and that Defendant Simms was discharged due to her involvement in a suspicious death–are unrelated to any facially legitimate concerns, are malicious in nature, and are not

protected simply because they appear in a grievance. *See Johnson*, 110 F.3d at 311; *Felton v. Huibregtse*, 525 Fed. App'x. 484 (7th Cir. 2013) (holding that discipline imposed against an inmate for a letter to the warden did not constitute retaliation because the letter was disrespectful and, if left unanswered, could inspire other inmates to use means outside formal grievance system to undermine respect for prison authority); *Moton v. Cowart*, 631 F.3d 1337, 1343 (11th Cir. 2011) (stating that the "content of an inmate's grievance could violate a prison rule prohibiting disrespect toward prison officials" and could warrant discipline).

Prison officials conducted hearings on the RVRs, but Plaintiff refused to appear or defend at the hearings. *See* RVRs [60-1] at 26, 29, 32, and 36. Plaintiff was found guilty of lying in his grievance. *Id.* Plaintiff has failed to present evidence undermining the findings at the hearings. Thus, the record includes a determination that Plaintiff's allegedly protected activity, which is the basis of Plaintiff's retaliation claim, was the filing of a false grievance.[5] Accordingly, this was not protected activity. *Johnson*, 110 F.3d at 311; *Barlow v. Dominguez*, 198 F.3d 244, 1999 WL 1045174, at *2 (6th Cir. Nov. 9, 1999) (affirming a trial court's decision to dismiss a plaintiff's retaliation claim based on a misconduct report, which was issued for filing a false grievance). Accordingly, Defendant Simms is entitled to summary judgment.

To the extent Plaintiff asserts claims against Defendants in their official capacities, such claims also fail. A suit against a public official in his official capacity is in effect a suit against the government entity he represents. *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987). To establish liability, Plaintiff must prove that a policy, custom, or practice of that government

---

[5] Additionally, the ARP responses to Plaintiff's grievance state that the confiscation of his cable did not violate MDOC policy because cable is considered contraband. *See* ARP Responses [60-2] at 7-11.

entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).  Plaintiff has failed to demonstrate that a policy or custom was the moving force behind a constitutional violation.  Moreover, Plaintiff has failed to establish an underlying constitutional violation.  Thus, Defendants are entitled to judgment as a matter of law in both their individual and official capacities.

Although Defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999).  Because the Court finds that the Plaintiff's claims are not cognizable as constitutional claims, it need not address the issue of whether the Defendants are entitled to qualified immunity.

IT IS, THEREFORE, ORDERED that:

1.      Defendants' Motion for Summary Judgment [60] is GRANTED,

2.      Plaintiff's Motion to Dismiss Defendants' Motion for Summary Judgment [69] is DENIED,

3.      This action is dismissed with prejudice, and

4.      A separate order will be entered pursuant to Fed. R. Civ. P. 58, and

SO ORDERED this the 13th day of March, 2015.

s/ Michael T. Parker
United States Magistrate Judge